IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02599-PAB-SKC

DANIELLE HARABURDA,

    Plaintiff,

v.

AMICA MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

This matter comes before the Court on Defendant Amica Mutual Insurance Company's Partial Motion to Dismiss Second and Third Claims for Relief [Docket No. 10]. Plaintiff filed a response [Docket No. 17] and defendant filed a reply [Docket No. 19]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

This case arises out of a motor vehicle collision. On August 29, 2018, plaintiff was riding her motorized scooter south through a green light. Docket No. 4 at 2-3, ¶ 6. Candace Post was traveling east in a Toyota 4Runner and failed to stop at the red light. *Id.* at 3, ¶¶ 7-8. Ms. Post struck plaintiff while traveling approximately 30-40 miles per hour. *Id.*, ¶¶ 8, 11. Plaintiff sustained many injuries, including retroperitoneal hematoma surrounding the right adrenal gland, a closed fracture of one rib on the right

---

[1] The following facts are from plaintiff's complaint and presumed true for the purpose of ruling on defendant's motion to dismiss.

side, a closed traumatic dislocation of costochondral joint, and traumatic pneumothorax with hemoptysis (vomiting blood) and pulmonary contusion. *Id.* at 3-4, ¶ 16. Plaintiff remained at the hospital for two nights and three days due to her injuries. *Id.* at 5, ¶ 22. The Denver Police Department investigator cited Ms. Post with Careless Driving Resulting in Injury. *Id.* at 3, ¶ 14.

Ms. Post was insured under an automobile policy issued by Travelers Insurance Company, with $100,000 in liability coverage. *Id.* at 7, ¶ 35. With defendant's permission, plaintiff settled her liability claim against Ms. Post in exchange for payment to plaintiff of the full $100,000 of coverage available from Mr. Post's insurance. *Id.* at 8, ¶ 41.

Plaintiff is covered by $500,000 in underinsured motorist ("UIM") insurance through defendant. *Id.* at 7, ¶¶ 36-38. On April 17, 2019, plaintiff demanded benefits from defendant under her UIM policy and began providing defendant with her medical bills and records. *Id.* at 8, ¶¶ 42-43. On May 14, 2019, defendant offered plaintiff $20,000. *Id.*, ¶ 44. On October 6, 2020, plaintiff sent a renewed settlement demand to defendant. *Id.*, ¶ 45. On October 23, 2020, defendant offered plaintiff $24,000. *Id.* at 9, ¶ 48.

Plaintiff brings three claims against defendant: (1) breach of contract – UIM benefits; (2) common law bad faith breach of insurance contract; and (3) a bad faith claim under Colo. Rev. Stat. §§ 10-3-1115 and 1116. *Id.* at 9-13, ¶¶ 53-74. Defendant moves to dismiss plaintiff's second and third claims. Docket No. 10 at 1.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). A court, however, does not need to accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191

(quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III.  ANALYSIS

Plaintiff's second and third claims allege that defendant has unreasonably denied and delayed paying UIM benefits and has acted in bad faith. *See* Docket No. 4 at 10-13. Defendant argues that plaintiff has failed to plead facts which, if true, would inidacte that defendant acted unreasonably.[2] *See* Docket No. 10 at 6.

Defendant argues that the complaint only alleges that plaintiff submitted a UIM claim, provided medical records and bills, defendant made a $20,000 offer, and defendant then made a $24,000 offer after a second demand. *Id.* at 6-7. Defendant argues that these facts merely show a disagreement with its valuation of the claim and do not give rise to a cognizable bad faith or statutory delay claim. *Id.* at 7. Further,

---

[2] Defendant attaches plaintiff's April 17, 2019 demand letter to its motion to dismiss. *See* Docket No. 10-1. In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the challenged complaint itself, but also exhibits to the complaint and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("We agree with our sister circuits that if a defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff and central to his claim, the court has discretion to consider such materials."). The complaint states that, "[o]n April 17, 2019, Ms. Haraburda, through her attorneys, demanded benefits from her UIM policy with Defendant Amica." Docket No. 4 at 8, ¶ 42. Plaintiff does not contest the Court's consideration of the demand letter, but argues that the Court should also consider the documents that accompanied the demand letter when plaintiff sent the demand letter to defendant. Docket No. 17 at 3. However, plaintiff does not provide these documents to the Court. Accordingly, the Court will consider the April 17, 2019 demand letter without converting the motion into one for summary judgment.

defendant argues that plaintiff does not allege what *Fisher* payments are due or provide any factual support for them. *Id.* Finally, defendant argues that it was under no duty to advance settlement offers to plaintiff because a settlement offer is not an undisputed amount that must be advanced to the insured. *Id.* at 9-11. As a result, defendant claims that the only factual allegation of unreasonable conduct is that defendant has not paid settlement offers defendant made to plaintiff, which defendant says it had no obligation to do. *Id.* at 11.

To succeed on a common law claim of bad faith breach of an insurance contract, "a plaintiff must show that the insurer acted both unreasonably and with knowledge of or reckless disregard of its unreasonableness." *Hyden v. Farmers Ins. Exch.*, 20 P.3d 1222, 1226 (Colo. App. 2000). Under common law, finding that an insurer's justification for denying or delaying payment of a claim is "fairly debatable" typically weighs against finding that an insurer acted unreasonably. *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1218 (Colo. App. 2010) (citation omitted).

Colorado law also provides for a statutory law bad faith claim, whereby an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." Colo. Rev. Stat. § 10-3-1115(1)(a). An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10-3-1115(2). The determination of whether an insurer has breached its duties to the insured is one of reasonableness under the circumstances. *Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008). In other words, the question is whether

a reasonable insurer under similar circumstances would have denied or delayed payment of the claim. *Id.* The reasonableness of an insurer's conduct must be determined objectively, based on proof of industry standards. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1274 (Colo. 1985). Whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury when conflicting evidence exists. *Zolman v. Pinnacol Assur.*, 261 P.3d 490, 497 (Colo. App. 2011). However, in appropriate circumstances, as when there are no genuine disputes of material facts, reasonableness may be decided as a matter of law. *COPIC*, 192 P.3d at 524. The burden to establish unreasonableness lies with plaintiff. *See Williams v. Owners Ins. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015) (unpublished) (applying Colorado law).

The "burden of proving th[e] statutory claim is less onerous than that required to prove a claim under the common law for breach of the duty of good faith and fair dealing." *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 975 (Colo. App. 2011). "While first-party bad faith principles require a plaintiff to establish that the insurer knew or recklessly disregarded the fact that its conduct was unreasonable, . . . the statutory claim requires only that a first-party claim be denied without a reasonable basis." *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012) (citations omitted).

The Court finds that plaintiff's complaint survives defendant's motion to dismiss. The complaint alleges that "[t]he renewed settlement demand in addition to the original demand included evidence that Ms. Haraburda'[s] damages greatly exceeded the

$100,000 policy limits of Ms. Post's insurance." Docket No. 4 at 9, ¶ 47. Defendant argues that the original demand letter does not claim economic damages above Ms. Post's policy limit. Docket No. 10 at 9. However, as just noted, the complaint alleges that plaintiff's damages "greatly exceeded" Ms. Post's policy limit and that plaintiff provided evidence to that effect to defendant. *See* Docket No. 4 at 9, ¶ 47.

Defendant argues that it is under no obligation to advance its settlement offers to plaintiff. Docket No. 10 at 10. However, the Court's conclusion does not rest on the settlement offers being undisputed valuations of plaintiff's insurance claim. Instead, plaintiff pleads that she provided evidence that her damages exceeded Ms. Post's policy limits, but defendant has failed to make any payments to plaintiff. These allegations are sufficient to state a claim under Colo. Rev. Stat. §§ 10-3-1115 and 1116 and a claim for common law bad faith breach of insurance contract. *See State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018) (stating that insurers have a duty not to unreasonably delay or deny payments of undisputed covered benefits). Defendant's arguments about the fairly debatable nature of the benefits are better suited for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, it is

7

**ORDERED** that Defendant Amica Mutual Insurance Company's Partial Motion to Dismiss Second and Third Claims for Relief [Docket No. 10] is **DENIED**.

DATED September 20, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge